Judge Owsley
delivered the opinion of the court.
This action was brought in the court below by Graves, to recover damages for the sale, to him, by Carstarphen, of an unsound negro.
Graves having obtained a verdict and judgment in that court, Carstarphen has brought the cause here by an appeal.
Various errors are assigned; but we have thought proper to notice those only which involve the propriety of joining the several counts set forth in the declaration.
Without reciting with more certainty those counts, they may be said to contain two distinct and substantial causes of action — one on the warranty of soundness, and the other for a fraud in the sale of the negro,
Thus considering the declaration, it clearly follows, that the judgment cannot be sustained; for it is incontrovertibly settled, that tort and contract cannot be joined in the same declaration. 3 Wilson, 354.
Pope and Hardin for appellant, Bibb contra.
The knowledge & con-pcaimen! of unsour.dness in property sold, does not Imply a pro-in ¡seofsounclness,and thus convert a tort into a contract. A vendor thus situated is nevertheless liable to the action of the vendee ■ — but it is on the deceit or fraud of concealing a known defect.
But it is contended, that although fraud is alledged in Carstarphen’s knowing and concealing from Graves the un.- , soundness of the negro, yet it is urged, that as Carst&rphen is moreover charged with having represented the negro, at the time of the sale, as being sound, the law implies a promise.| and hence it is insisted, that a count upon that implied undertaking may be properly joined with a count up-, on the warranty.
The doctrine contended for cannot, however, be admitted to be correct. It has been repeatedly held by this court, and no doubt in strict accordance with the principles of the common law, that, upon the sale of a chattel, the law implies no promise of its soundness. For a concealment of any defect, the vendor is, no doubt, responsible; but his accountability cannot, and is not, produced, from any promise or undertaking, which, by implication of law, he is supposed to have made, but from the tort involved in the commission of a fraud in the sale.
If then we are correct in supposing that the declaration erroneously contains causes of action, both in tort and contract, it results that the court below erred in overruling the demurrer of Carstarphen to the declaration.
The judgment of that court must consequently be reversed with cost, the cause remanded, and the plaintiff there, if he should ask leave to do so, have permission to amend his declaration, and such other and further proceedings had as may be consistent with this opinion.